# UNITED STATES DISTRICT COURT

# DISTRICT OF NEVADA

| | |
|---|---|
| James Theodore Sharkey, | Case No.: 2:20-cv-00088-APG-EJY |
| Petitioner, | **Order Dismissing Action** |
| v. | |
| James Dzurenda, et al., | |
| Respondents. | |

Petitioner James Sharkey has submitted a petition for a writ of habeas corpus. I dismiss this action because Sharkey did not pay the filing fee, nor did he submit an application to proceed *in forma pauperis* with a financial certificate and a copy of his inmate account statement, as required by 28 U.S.C. § 1915(a)(2) and Local Rule LSR 1-2.

A preliminary review of the petition shows that the dismissal would not affect the timeliness of any subsequently commenced action. The state district court entered a judgment of conviction on March 20, 2018. *State v. Sharkey*, Case No. C-17-321917-1.[1] The Nevada Court of Appeals decided the appeal from that judgment on March 18, 2019.[2] *Sharkey v. State*, Case No. 75474 & 75474-COA.[3] Sharkey filed a post-conviction habeas corpus petition in the state

---

[1] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=11759386. All docket reports were generated on January 15, 2020.

[2] Sharkey alleges that the decision occurred on April 12, 2019. ECF No. 1-1, at 1. The Nevada Supreme Court issued the remittitur on that date. While issuance of the remittitur is significant for the state one-year period of limitation of Nev. Rev. Stat. § 34.726(1), it is not important for determining the finality of a judgment of conviction under the federal one-year period of limitation of 28 U.S.C. § 2244(d)(1)(A). In this case, the expiration of the time to petition the Supreme Court of the United States for a writ of certiorari governs the finality of the judgment. *Jimenez v. Quarterman*, 555 U.S. 113, 119-20 (2009). That time expired after Sharkey filed his state post-conviction petition. Consequently, the one-year period was tolled under 28 U.S.C. § 2244(d)(2) even before it started.

[3] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=45712&combined=true.

district court on April 26, 2019. *Sharkey v. Dzurenda*, Case No. A-19-793757-W.[4] The state district court denied the petition. Sharkey appealed the denial. That appeal still is pending in the Nevada Supreme Court. *Sharkey v. Director*, Case No. 79294, consolidated with Case No. 80001.[5] Under the terms of 28 U.S.C. § 2244(d)(1) and (2), no time has run on the federal one-year period of limitation.

Reasonable jurists would not find this conclusion to be debatable or wrong, and I will not issue a certificate of appealability.

I THEREFORE ORDER the clerk of the court to file the petition for a writ of habeas corpus.

I FURTHER ORDER the clerk of the court to send Sharkey a blank form for an application to proceed *in forma pauperis* for incarcerated litigants.

I FURTHER ORDER that this action is **DISMISSED** without prejudice to Sharkey's commencement of a new action in which he either pays the filing fee in full or submits a complete application to proceed *in forma pauperis*, accompanied by a signed financial certificate and a statement of his inmate account.

I FURTHER ORDER that a certificate of appealability will not issue.

I FURTHER ORDER that that the clerk shall add Aaron Ford, Attorney General for the State of Nevada, as counsel for respondents.

I FURTHER ORDER the clerk to electronically serve upon the respondents a copy of this order and the petition. No response is necessary.

////

---

[4] https://www.clarkcountycourts.us/Anonymous/CaseDetail.aspx?CaseID=11952671.

[5] http://caseinfo.nvsupremecourt.us/public/caseView.do?csIID=56123.

2

I FURTHER the clerk of the court to enter judgment accordingly and close this action.

DATED this 16th day of January, 2020.

                                              ANDREW P. GORDON
                                              UNITED STATES DISTRICT JUDGE